1
2
3
4
5
6
**IN THE UNITED STATES DISTRICT COURT**

7
**FOR THE DISTRICT OF ARIZONA**

8  **GERLANDO CURRERI,**                )
                                        )
9           **Plaintiff,**              ) **CIV 09-00630 PHX JAT MEA**
                                        )
10          **v.**                      ) **REPORT AND RECOMMENDATION**
                                        )
11  **PAUL BABEU, et al.,**             )
                                        )
12          **Defendants.**             )
    _____ )

13

14  **TO THE HONORABLE JAMES A. TEILBORG:**

15          Plaintiff filed a complaint pursuant to 42 U.S.C. §

16  1983, on or about March 29, 2009.  The complaint was dismissed

17  with leave to amend.  Plaintiff was granted two extensions of

18  the time allowed to file an amended complaint.  <u>See</u> Doc. 8.

19  Plaintiff's first amended complaint was docketed August 3, 2009.

20  <u>See</u> Doc. 9.  The first amended complaint named ten defendants

21  and alleged seventeen violations of Plaintiff's civil rights.

22          In an order filed January 7, 2010, the Court ordered

23  Defendant Johnson to answer counts 4 and 5 of the amended

24  complaint, ordered Defendant Jackson to answer counts 6 and 7 of

25  the amended complaint, and ordered Defendant Venezuela to answer

26  count 14 of the amended complaint.  <u>See</u> Doc. 11.  The Court

27  dismissed the other counts of the complaint and the other named

28  defendants from this matter.

Defendant Jackson waived service on or about February 1, 2010.  See Doc. 13.  Defendant Venezuela waived service on or about February 1, 2010.  See Doc. 18.

On April 6, 2010, Defendants Jackson and Venezuela filed a motion to dismiss.  See Doc. 19.  Defendant Johnson waived service on or about May 6, 2010, and joined in the motion to dismiss filed by the other defendants.  See Doc. 26.

In an order issued July 1, 2010, the Court denied the Defendants' motion to dismiss.  See Doc. 30.  Accordingly, on July 6, 2010, a scheduling order was issued requiring discovery be completed by January 5, 2011, and that dispositive motions be filed by March 4, 2011.  The parties have engaged in discovery and Plaintiff has filed numerous pleadings.

On October 22, 2010, Plaintiff filed a motion to amend his complaint.  See Doc. 49.  Plaintiff seeks to "amend erroneous claims of 8th amendment violations" and to "add some critical facts."  Id.  Plaintiff also seeks to amend his complaint to allege further violations of his constitutional rights by Defendants.  The lodged proposed second amended complaint is an edited version of the first amended complaint, and includes defendants previously dismissed from this suit. Defendants have filed a response in opposition to the motion to amend.  See Doc. 50.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  See 28 U.S.C. § 1915A(a) (2006 & Supp. 2010). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims

that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1) & (2).   Rule 15(a), Federal Rules of Civil Procedure, provides that a plaintiff should be given leave to amend his complaint when justice so requires.  See, e.g., United States v. Hougham, 364 U.S. 310, 316, 81 S. Ct. 13, 17 (1960); Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001) (citation omitted).

In exercising its discretion with regard to a motion to amend a complaint filed after a responsive pleading has been served, the Court should consider the prejudice to the opposing party and the futility of allowing the amendment.   See Schlachter-Jones v. General Tele., 936 F.2d 435, 443-44 (9th Cir. 1991).   "[T]he policy of allowing the amendments of pleadings must be tempered with considerations of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."   Id. at 443 (internal quotations omitted).

This matter has now proceeded through a motion to dismiss the complaint and discovery.  Discovery is set to close in approximately one month.  Plaintiff should not now be allowed

to amend his complaint to restore claims and defendants previously dismissed from this matter. Allowing Plaintiff to add additional causes of action to this suit at this time in these proceedings, which would require further discovery, prejudice newly added defendants, and delay the proceedings, is not in the interests of justice in this matter. See Divkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). The Court's discretion should not be exercised to allow Plaintiff to add new factual allegations to his complaint which would, in effect, alter his claims for relief. Cf. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (upholding the denial of leave to amend because the plaintiff had delayed filing the amended complaint for eight months beyond the time they should have known of the existence of the claims and noting that "[p]rejudice to the opposing party is the most important factor" in determining whether to grant leave to amend); Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (upholding denial of leave to amend where the District Court cited the plaintiff's undue delay in missing the deadline to amend the complaint and undue prejudice to the defendant where the plaintiff sought amendment after the close of discovery); Smith v. Angelone, 111 F.3d 1126, 1134 (4th Cir. 1997) (stating that "a motion to amend may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant").

**THEREFORE, IT IS RECOMMENDED THAT** Plaintiff's motion to amend his complaint (Doc. 49) be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted

and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 10th day of December, 2010.

_____

Mark E. Aspey

United States Magistrate Judge