WO                                                                                              **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerlando Curreri, | No. CV 09-0630-PHX-JAT (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul Babue, et al., | |
| Defendants. | |

Plaintiff Gerlando Curreri filed this civil rights action under 42 U.S.C. § 1983 against multiple Pinal County Jail employees (Doc. 9). Before the Court is Plaintiff's Motion to Order Cease and Desist, which is his third motion for injunctive relief (Doc. 62). Defendants oppose the motion (Doc. 64).

The Court will deny the motion.

**I.    Background**

Plaintiff's claims stem from his confinement in the Pinal County Jail in Florence, Arizona (Doc. 9 at 1). He named the following Defendants: (1) former Nurse Practitioner Devanah Johnson; (2) Health and Human Services Manager Elke Jackson; and (3) Commander Valenzuela[1] (Doc. 9).[2]

---

[1] Plaintiff identified this Defendant as Commander Venezuela. The Court will refer to Defendant by his correct surname, Valenzuela.

[2] Upon screening, the Court dismissed Schriro, Ryan, Baldwin, Hernandez, Alford, Beasely, Winslow, Latto, Chacon, MacKenzie, Jager, and Irby as Defendants (Doc. 15).

In his First Amended Complaint, Plaintiff alleged that his Fourteenth Amendment rights were violated by Defendants' deliberate indifference to his serious medical needs. Specifically, Plaintiff claimed that Johnson denied Plaintiff surgery to remove tumors on Plaintiff's bones and denied Plaintiff necessary pain medication (Count 4). Plaintiff further alleged that Johnson ignored the findings of numerous doctors and failed to respond reasonably to Plaintiff's serious medical needs (Count 5). Plaintiff asserted that Jackson was aware of Plaintiff's medical condition and that it causes extreme pain but took no action to mitigate Plaintiff's pain or respond to Plaintiff's requests for medical assistance (Counts 6 and 7). Finally, Plaintiff alleged that Valenzuela punished Plaintiff by informing Plaintiff that his surgery was considered elective and would not be covered by the jail. Valenzuela also allegedly told Plaintiff that he would no longer receive written responses to his grievances and, if Plaintiff continued to file grievances, he would be in "a lot of trouble" (Count 14).[3] Plaintiff sought injunctive relief, compensatory and punitive damages, and costs (id. at 20).

The Court screened the First Amended Complaint and directed Johnson, Jackson, and Valenzuela to respond to the respective claims against them (Doc. 11 at 15), and Defendants filed an Answer (Doc. 32).

Plaintiff then filed his first and second motions for injunctive relief (Docs. 43-44), seeking specific medical treatment, increased law library access, internet access, permission to possess a laptop, relaxation of mail policies, and other supplies. The Court denied both motions, finding that Plaintiff's failure to introduce any evidence to support a finding that he was likely to succeed on the merits or suffer irreparable harm precluded injunctive relief. Further, Plaintiff did not assert that he was unable to access the court and is not entitled to the conveniences sought in his motion (Doc. 55).

///

///

---

[3] The Court dismissed Counts 1–3, 8–13, and 15–17 for failure to state a claim (Doc. 11 at 14).

## II. Preliminary Injunction Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Furthermore, the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in Winter. Alliance for the Wild Rockies v. Cottrell, 632 F. 3d 1127, 1134-35 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Id., (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008) (en banc)). This approach requires that the elements of the preliminary injunction test be balanced, so that a stronger showing of one element may offset a weaker showing of another. Plaintiffs must also satisfy the other Winter factors, including the likelihood of irreparable harm. Id.

## III. Plaintiff's Third Motion for Injunctive Relief

### A. Plaintiff's Contentions

Plaintiff requests that Defendants "cease and desist" from violating his Fifth, Sixth, and Fourteenth Amendment rights (Doc. 62). More specifically, Plaintiff contends that in December 2010 he was subjected to a search of his possessions without being present, during which all of his legal documents related to both his criminal case and this action were probed (id. at 1-2). Plaintiff maintains that his right to due process and access to the courts has been

1 violated and he cannot obtain a fair trial in either his criminal case or in this action (id. at 2).
2 Consequently, Plaintiff seeks an order requiring his presence any time a search of his legal
3 materials is conducted (id.).

### B. Defendants' Response

Defendants oppose Plaintiff's motion, contending that he cannot meet either the traditional preliminary injunction standard or the sliding-scale standard (Doc 64 at 3-6). They maintain that Plaintiff has no right of privacy regarding a search of his personal possessions, including legal documents, nor does he have a right to be present when such a search is conducted (id. at 4). Defendants also argue that Plaintiff has not—and cannot—establish irreparable harm or that his interests outweigh the interests of safety and security in the prison (id. at 4-5).

### C. Plaintiff's Reply

Plaintiff reiterates that his constitutional rights have been violated by the search of his legal materials outside his presence (Doc. 66). Further, Plaintiff states that he will suffer irreparable harm in his criminal case because his trial is imminent and his files are in disarray (id. at 2-3). Plaintiff argues that the balance of hardships tips in his favor because it would be no additional labor for Defendants to ensure Plaintiff is present during a search (id. at 3). Plaintiff claims that he is innocent of the criminal charges against him and that he has fought these charges for four years (id. at 5-8).

## IV. Analysis

The Court will deny Plaintiff's motion for the following reasons.

First, an injunction should typically not issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997). An exception lies when "the preliminary relief is directed to the prisoner's access to the Courts." Prince v. Schriro, et al., 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009),[4] citing Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir. 1990). In

---

[4] See Prince v. Schriro, et al., CV 08-1299-PHX-SRB (JRI) (Doc. 32, Order adopting R & R at Doc. 28).

- 4 -

1    that instance, "a nexus between the preliminary relief and the ultimate relief sought is not
2    required." Id.  But here, Plaintiff argues that unidentified staff at the Pinal County Jail have
3    searched—and disrupted—his legal materials outside his presence.  He does not specifically
4    link those actions to his ability to prosecute *this* case.  Indeed, Plaintiff's motion and reply
5    focuses solely on his criminal case.  As a consequence, it appears that Plaintiff is seeking a
6    blanket order instructing Pinal County Jail staff to search his legal materials only while he
7    is present.  This is unrelated to the merits of this action, which deals with alleged deliberate
8    indifference to Plaintiff's serious medical needs.  This reason alone supports denial of
9    Plaintiff's motion.

10    Second, Plaintiff does not identify the individuals who have allegedly searched his
11    legal materials outside his presence.  But Plaintiff *does not* state that Defendants were those
12    individuals or were involved in any search of Plaintiff's property.  Because a court may issue
13    an injunction against a non-party only where the non-party acts in active concert or
14    participation with an enjoined party, Fed. R. Civ. P. 65(d), and Plaintiff has made no such
15    showing, his motion must be denied.

16    Third, even considering the merits of Plaintiff's request, he fails to demonstrate that
17    he is likely to succeed on the merits of his claim or that serious questions on the merits exist.
18    While it is well-settled that inmates have a constitutional right of access to the courts,
19    Bounds v. Smith, 430 U.S. 817, 821 (1977), this is only a right to bring petitions or
20    complaints to the federal court and not a right to discover such claims or even to litigate them
21    effectively once filed with a court.  See Lewis v. Casey, 518 U.S. 343, 354 (1996); see also
22    Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).  To maintain an access-to-the-courts
23    claim, an inmate must submit evidence showing an "actual injury" resulting from the
24    defendant's actions.  See Lewis, 518 U.S. at 349.  With respect to an existing case, the actual
25    injury must be "actual prejudice . . . such as the inability to meet a filing deadline or to
26    present a claim." Id. at 348-49.

27    It may be possible that the unauthorized and unjustified seizure of necessary legal
28    materials could lead to a finding of denial of access to the courts.  See Gluth v. Kangas, 951

1  F.2d 1504, 1508 (9th Cir. 1991) (arbitrarily denying access to a prison library could
2  constitute a violation of the right of access to the courts, even if the regulations governing
3  library access were arguably facially valid).  But Plaintiff does not articulate that he has
4  failed to meet any specific deadline in this case because of the search of his legal materials.
5  As such, Plaintiff has not demonstrated an actual injury required to support an access-to-
6  courts claim for injunctive relief.  See Lewis, 518 U.S. at 349.  The Court finds that he has
7  not carried his burden to show that an injunction is warranted.

8  Fourth, and finally, Plaintiff similarly fails to demonstrate a likelihood of irreparable
9  harm. He provides no specific detail about any documents that were taken, destroyed, or
10 disseminated, thereby vitiating the possibility of an irreparable-harm finding.  His general
11 assertion that he cannot receive a fair trial in this action or in his criminal case is far too
12 speculative to support an injunction.  See Caribbean Marine Servs. Co., Inc. v. Baldrige, 844
13 F.2d 668, 674 (9th Cir. 1988) (mere "[s]peculative injury does not constitute irreparable
14 injury sufficient to warrant granting a preliminary injunction"); see also Fed. R. Civ. P. 65(b)
15 (movant must demonstrate by specific facts that there is a credible threat of immediate and
16 irreparable harm).

17 For the above reasons, Plaintiff's third request for injunctive relief will be denied.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Cease and Desist (Doc. 62).

(2)   Plaintiff's Motion to Cease and Desist (Doc. 62) is **denied**.

DATED this 19th day of April, 2011.

James A. Teilborg
United States District Judge