WO                                                                                               **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerlando Curreri, | No. CV 09-0630-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul R. Babeu, et al., | |
| Defendants. | |

Plaintiff Gerlando Curreri brought this civil rights action under 42 U.S.C. § 1983 against three Pinal County Jail employees. By Order dated September 11, 2012, the Court granted summary judgment to Jackson and Valenzuela as to Counts Six, Seven, and Fourteen, and to Johnson as to Plaintiff's claim that he was improperly denied surgery (Doc. 129). The Court denied Johnson's summary judgment motion as to Plaintiff's claim that Johnson was deliberately indifferent to Plaintiff's pain (id.). Johnson moves for reconsideration (Doc. 131). The Court did not direct Plaintiff to respond to the motion; his response will therefore not be considered (Doc. 132). See LRCiv 7.2(g)(2).

The Court will deny the motion.

**I.     Reconsideration Legal Standard**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

## II. Johnson's Motion for Reconsideration

### A. Arguments

Johnson maintains that no genuine issues of material fact exist as to whether she was deliberately indifferent to Plaintiff's pain and argues that the Court overlooked certain evidence when it denied summary judgment as to this issue. Johnson analogizes the Supreme Court's decision in Estelle v. Gamble, 429 U.S. 97 (1976), and asserts that like the plaintiff in Estelle, Plaintiff's dissatisfaction with the treatment he received is insufficient to defeat summary judgment. Johnson argues that Plaintiff was seen by medical personnel 123 times over a two-year period and provided 14,000 doses of medication to treat his pain and other symptoms. Johnson also describes the different medications she prescribed to Plaintiff between September 2007 and October 2009 to attempt to address his symptoms.

Johnson maintains that she was cognizant of Plaintiff's condition and his symptoms and put forth considerable effort to address them, precluding a deliberate indifference finding.

### B. Analysis

Defendant's motion must be denied on procedural ground or on its merits. In its Summary Judgment Order, the Court addressed Johnson's failure to cite to the evidence in the record that supported the assertion that she replaced Plaintiff's oxycodone with appropriate pain medication (Doc. 129 at 11-12). The Court noted that, instead, Johnson's

1  declaration cited the evidence reflecting that Plaintiff was placed on Methadone two years
2  *after* she terminated his oxycodone (Doc. 120, Ex. 3, Johnson Decl. ¶ 19). Consequently, the
3  Court could not determine what medications, if any, Johnson provided to treat Plaintiff's pain
4  during that two year period. See Fed. R. Civ. P. 56(c)(1)(A) (a party must support an
5  assertion by citing to particular parts of the materials in the record); Fed. R. Civ. P. 56(c)(3)
6  (in its summary judgment analysis "[t]he court need consider only the cited materials");
7  Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003) (in summary
8  judgment briefing "[g]eneral references without page or line numbers are not sufficiently
9  specific"). On reconsideration, Johnson submits the same 666 pages of medical records and
10 now provides citations to other medications she prescribed to treat Plaintiff's pain. This
11 evidence and the references thereto are inappropriate because a motion for reconsideration
12 is not to be used to correct briefing deficiencies in the prior motion. See School Dist. No.
13 1J, 5 F.3d at 1263. All of the argument Johnson provides at this stage was known to her
14 when she filed her motion for summary judgment, which precludes a finding that
15 reconsideration is appropriate. Kona Enters., Inc., 229 F.3d at 890.[1]

16  Nevertheless, even if the Court were to consider the cited materials, they do not alter
17 the conclusion that genuine issues of fact preclude summary judgment. Indeed, while
18 Johnson now provides evidence that she prescribed other medication to attempt to address
19 Plaintiff's pain, she does not dispute that none of the medication was narcotic. This is
20 significant because both before and after Johnson treated Plaintiff he received narcotic pain
21 medication to treat his symptoms. And although a difference of medical opinion is not
22 enough to establish deliberate indifference, the Ninth Circuit has held that a non-specialist
23 physician's denial of treatment recommendations from specialists may raise triable issues of
24 fact whether that denial was medically unacceptable. Snow v. McDaniel, 681 F.3d 978, 988-
25 89 (9th Cir. 2012) (finding it unreasonable for the defendants—physicians board-certified

---

[1] Johnson introduces a new piece of evidence to show that Plaintiff was cheeking or palming his medication (Doc. 131, Ex. 6). But this evidence was known to Johnson in 2007 and is not newly discovered. Thus, it will not be considered.

in family medicine—to rely on their own non-specialized medical conclusions to continue indefinite course of steroids and anti-inflammatory drugs when orthopedic surgeons hired to consult on the case had recommended surgery). Snow is particularly relevant here, where the physicians who treated Plaintiff prior to and after Johnson recommended narcotic pain medication but Johnson—who is not a physician—did not. This precedent, coupled with the evidence that Plaintiff complained constantly about the ineffectiveness of the medication he was receiving and Johnson's notation in Plaintiff's chart that the jail "is a non-narcotic clinic for chronic conditions," creates a genuine issue of fact for trial (Doc. 120-3 at 649, Dec. 31, 2007 Entry). See Greeno v. Daley, 414 F.3d 645, 653–54 (7th Cir.2005) (noting that to prevail on an Eighth Amendment claim, prisoner need not show that he was ignored; evidence showing the "medical defendants' obdurate refusal" to alter prisoner's course of treatment despite his repeated reports that the medication was not working and his condition was getting worse could support conclusion that the treatment received was "so blatantly inappropriate as to amount to intentional mistreatment").

In short, Johnson presents nothing that causes the Court to reconsider that part of its Order denying summary judgment on deliberate indifference claim related to pain medication. Johnson's Motion for Reconsideration will be denied.

**IT IS ORDERED that** Johnson's Motion for Reconsideration (Doc. 131) is **denied.**

DATED this 31st day of October, 2012.

_____
James A. Teilborg
United States District Judge

- 4 -