**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerlando Curreri, | No. CV 09-630-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Paul Babeu, et al., | |
| Defendant. | |

**IT IS ORDERED** that, given the nearness of the current trial date, Plaintiff's motion for a 30 day extension of time to file a reply in support of several of his pending motions (Doc. 170) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's motion to continue trial date (Doc. 158) and motion for specific trial date (Doc. 159) are granted to the limited extent that trial in this case is continued from March 26, 2013 to Monday, August 5, 2013 at 9:00 a.m. The motions are denied in all other respects. Plaintiff is cautioned that the Court granted this continuance to allow for Plaintiff's release from custody before trial. However, any problem Plaintiff may encounter with transportation or financing to be in trial on August 5, 2013 in Phoenix will not be a basis for a further continuance.

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive costs (Doc. 157) is denied without prejudice to Plaintiff making a showing on an item by item basis of exactly which costs he is seeking to have waived and why such waiver is necessary for his case.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 157)

is denied. There is no constitutional right to appointment of counsel in a civil case. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to allow litigants to proceed *in forma pauperis* and to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). In order to determine whether exceptional circumstances exist, the Court evaluates the plaintiff's "'likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Richard v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Wilborn*, 789 F.2d at 1331. Neither factor is determinative, and the Court must consider both factors before reaching a decision on a request for appointment of counsel. *See Wilborn*, 789 F.2d at 1331.

Here, Plaintiff has shown some likelihood of success on the merits, however the legal issues are not complex, and Plaintiff has demonstrated a high ability to articulate his claims *pro se*. Further, Plaintiff will be out of custody at the time of trial; thereby allowing him more time to prepare for his case. Thus, the Court does not find appointment of counsel to be warranted in this case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for status review (Doc. 161) is denied.

**IT IS FURTHER ORDERED** granting Plaintiff's motion to exclude defense witnesses from the courtroom during trial (Doc. 162); this Order is without prejudice to defense counsel raising at the time of trial whether the defense expert(s) should be allowed in the courtroom for the entire trial.

DATED this 5th day of March, 2013.

James A. Teilborg
Senior United States District Judge